PEOPLE, PLAINTIFF AND APPELLEE, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 1256.—Decided June 17, 1918.

ASSAULT AND BATTERY—AGGRAVATING CIRCUMSTANCES.—The use in any manner of a cane or a whip to beat a person is calculated to inflict disgrace. In this case, in which there was sufficient evidence to show that the appellant ordered his driver to beat the prosecuting witness with a whip, the battery was committed with the handle of the whip. Therefore, according to the foregoing doctrine, the appellant was guilty of aggravated assault and battery.

The facts are stated in the opinion.

*Mr. Carlos Travecier* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Agustín Díaz Smaine was charged with aggravated as-

sault and battery, inasmuch as he advised and incited his coachman, Juan Carrillo, to beat Enrique de Thomas with a whip. The assault and battery actually took place so that Agustín Díaz Smaine was by virtue of section 36 of the Penal Code guilty as a principal of assault and battery to the same degree as Juan Carrillo, the coachman.

The appellant maintains that the proof of guilt was insufficient, inasmuch as the witnesses of the Government place the appellant in different spots at the time of the beating and put different words in his mouth. These apparent contradictions in statements of witnesses are so frequent as to be almost the rule. Although there was a disparity between the proof of the Government and the proof of the defendant, there was sufficient evidence tending to show that the appellant ordered his coachman to beat up Enrique de Thomas with a whip. Nor was the court bound to believe the alleged *alibi* of the defendant.

As the battery was inflicted with the handle of a whip, it is suggested by the *fiscal,* and not by the appellant, that there may be a doubt whether the offense, although assault and battery, has any element of aggravation. There is no question that the battery took place with a whip and would fall literally under paragraph 6 of section 6 of the act of March 10, 1904, as follows:

"Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

\*        \*        \*        \*        \*        \*        \*

"6. When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane."

The instrument or means was a whip and clearly inflicted disgrace upon the prosecuting witness. The only doubt that meets us is our own decision in the case of *People* v. *Benitez,* 23 P. R. R. 315. There we held, following the analogy of a striking with the butt of a pistol, that if the instrument were not used in the ordinary manner of a whip, it was not an

aggravated assault and battery. Now, while the case of *People* v. *Benítez* may perhaps be distinguished from the present one on the ground of the manner in which the battery took place, more mature consideration has convinced us that the analogy between the butt of a pistol and the handle of a whip was not a close one, and that the use in whatsoever manner of a cane or a whip to beat a man is calculated to inflict disgrace. In any event it would always be incumbent upon the appellant to show that there was some circumstance that made the use of a whip nothing but a case of simple assault and battery. Be that as it may, so far as *People* v. *Benítez* conflicts with the present appeal it is directly over-ruled.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.